IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION



| | |
|---|---|
| MARGARET LUCIO-CANTU; § <br> DAWN MICHELLE RODRIGUEZ; and § <br> MARISA MORALES; § <br> AND ALL OTHERS SIMILARLY § <br> SITUATED, § <br>  § <br>   Plaintiffs, § <br>  § <br> v. § <br>  § <br> BLASA VELA d/b/a BLASA VELA § <br> ALLSTATE AGENCY, and § <br> VELA & VELA AGENCIES INC., § <br>  § <br>   Defendants. § | Civil Action No. H-04-3353 |

### MEMORANDUM AND ORDER DENYING PLAINTIFF'S MOTION FOR AWARD OF APPELLATE ATTORNEY'S FEES AND COSTS

Before the Court is Plaintiff's Motion for Award of Appellate Attorneys' Fees and Costs (Instrument No. 102). Having considered the motion, Defendant's response, the parties' additional briefing, the Order of the Fifth Circuit Court of Appeals affirming the Judgment of the District Court, and the applicable law, the Court concludes that it is without jurisdiction to award additional attorneys' fees and costs. Therefore, for the reasons set forth below, the Court ORDERS that Plaintiff's Motion for Award of Appellate Attorneys' Fees and Costs (Instrument No. 102) is DENIED.

Plaintiffs Margaret Lucio-Cantu, Dawn Michelle Rodriguez, and Marisa Morales (collectively, "Plaintiffs") initiated this action pursuant to the Fair Labor Standards Act ("FLSA") seeking compensation for claims of unpaid overtime allegedly owed to them by their employer Blasa Vela and Vela & Vela Agencies, Inc. (Colectively, "Defendants"). After the case

proceeded to a jury trial, on June 14, 2006, the jury returned a verdict in favor of Plaintiffs awarding $3,348.29 to Lucio-Cantu, $1,296 to Morales, and $52.50 to Gonzalez. Additionally, although the jury did not find that Defendants' actions were willful, the district court exercised its discretion to award liquidated damages thereby doubling the award. The district court also awarded costs and $51,750 in attorneys' fees.

Defendants appealed the judgment to the Fifth Circuit Court of Appeals on September 6, 2006, raising eleven issues. On May 8, 2007, Defendants' appeal was denied on all eleven points and the judgment of the district court was affirmed. Subsequently, on June 11, 2007, Plaintiffs filed the motion at bar seeking an award under 29 U.S.C. § 216(b) for costs and attorneys' fees associated with defending the appeal. Plaintiffs argue that the factors outlined in *Johnson v. Ga. Highway Express*, 488 F.2d 714 (5th Cir. 1974) weigh in favor of awarding appellate attorneys' fees in this case particularly because of the complexity of the issues raised on appeal. In response, Defendants assert that the *Johnson* factors do not support an award of attorneys' fees in this case primarily because the time expended by Plaintiffs was unnecessary, and because their success in district court was limited based on the difference between damages claimed and the amount actually awarded. Defendants also argue that because the damages awarded were significantly less than the damages sought, Plaintiffs should not be considered prevailing parties for purposes of awarding attorneys' fees. Both parties, however, fail to address whether the district court can award appellate attorneys' fees after the appeal has been perfected.

While a case is pending on appeal, a district court has jurisdiction to consider collateral motions, including motions for attorney's fees. *Proctor & Gamble Co. v. Amway Corp.*, 280 F.3d 519, 524-25 (5th Cir. 2002). However, once a court of appeals rules on a pending appeal,

the district court is deprived of jurisdiction to hear matters connected to the appeal. *Id.* at 524. Unless there is an order of remand to the district court, the district court has no authority or jurisdiction to award appeal-related attorney's fees and costs. *Hoyt v. Robson Cos., Inc.*, 11 F.3d 983 (10th Cir. 1993). In this case, the Fifth Circuit clearly affirmed the June 14, 2006, judgment of the District Court and did not remand the case to the District Court for further consideration. Thus, as of May 8, 2007, when the Fifth Circuit's mandate issued, this Court had no jurisdiction or authority to consider Plaintiffs' post-appeal request for appeal-related attorneys' fees.

The courts of appeals can award additional attorney's fees for services rendered on an appeal when they consider such an award appropriate. *Montalvo v. Tower Life Bldg.*, 426 F.2d 1135, 1150 (5th Cir. 1970). However, in order for an appellate court to exercise its discretion to award appeal-related attorney's fees, an application for such fees must be made to the appellate court. *Hoyt*, 11 F.3d at 985. Moreover, a "prevailing party" is not automatically entitled to an award of appeal-related attorney's fees regardless of whether fees were awarded at the trial level. *Id.* In this case, Plaintiffs did not request appeal-related expenses and attorneys' fees from the Fifth Circuit, and cannot now rectify that error by attempting to do so in this Court. The Fifth Circuit did not remand any issue to the District Court for consideration and this Court is therefore without jurisdiction to consider or award any appeal-related attorneys' fees, costs, or expenses. Accordingly, the Court hereby

ORDERS that Plaintiffs' Motion for Award of Appellate Attorneys' Fees and Costs (Instrument No. 102) is DENIED.

Signed at Houston, Texas, this \_\_\_23rd\_\_\_ day of \_\_July\_\_, 2007.

_____
Frances H. Stacy
United States Magistrate Judge